McBee v. Burge
09-3679-pr

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of October, two thousand ten.

PRESENT: DENNIS JACOBS,
            **Chief Judge**,
        BARRINGTON D. PARKER,
        PETER W. HALL,
            **Circuit Judges**.

- - - - - - - - - - - - - - - - - - -X

JERRY McBEE,

    **Petitioner-Appellant**,

    -v.-                                    09-3679-pr

SUPERINTENDENT JOHN BURGE,

    **Respondent-Appellee**.
- - - - - - - - - - - - - - - - - - -X

**APPEARING FOR APPELLANT:** Diane Mirabile Rafal (Daniel J. Goodstadt, Brendan M. Palfreyman, and Ursala Bentele on the brief), BLS Legal Services, Inc., Brooklyn, NY.

**APPEARING FOR APPELLEE:** Lori Glachman (Leonard Joblove on the brief), for Charles J.

Hynes, District Attorney, Kings County, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Petitioner-appellant Jerry McBee appeals from a judgment of the United States District Court for the Eastern District of New York (Irizarry, J.), denying McBee's petition for a writ of habeas corpus and granting a certificate of appealability. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We assume without deciding that McBee's rights under the Confrontation Clause of the Sixth Amendment -- as interpreted in Crawford v. Washington, 541 U.S. 36 (2004) -- were violated by the admission at trial of the statements made by David Tyson and Lamont Beasley.

Such an error is reviewed for harmlessness. See Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986). Specifically, this court evaluates whether the (assumed) error "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation marks omitted); see also Fry v. Pliler, 551 U.S. 112, 121 (2007) (applying the Brecht standard to "assess the prejudicial impact of constitutional error in a state-court criminal trial"); Brinson v. Walker, 547 F.3d 387, 395 (2d Cir. 2008) (applying the Brecht standard to assess harmlessness in the context of a Confrontation Clause violation). In so doing, "the court looks to the record as a whole," evaluating, inter alia, "the overall strength of the prosecution's case, the importance of the improperly admitted evidence, and whether the evidence was emphasized at trial." Brown v. Keane, 355 F.3d 82, 92 (2d Cir. 2004); see also Van Arsdall, 475 U.S. at 684 (explaining that relevant "factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material

points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case"). "No one factor is dispositive," but "the strength of the prosecution's case is probably the single most critical factor." United States v. Reifler, 446 F.3d 65, 87 (2d Cir. 2006) (internal quotation marks and alteration omitted). At the same time, "the mere fact that the properly admitted evidence, standing alone, would have been sufficient to support the conviction is not determinative of whether the improperly admitted evidence had a substantial and injurious effect." Wray v. Johnson, 202 F.3d 515, 526 (2d Cir. 2000).

We have no trouble concluding that the (assumed) error is harmless. No evidence contradicts Tyson and Beasley's statements in issue, and they are corroborated by McBee's admissions and Ebony Lilly's testimony, as well as other evidence. The overall strength of the prosecution's case outweighs any factors favoring McBee.

We reject McBee's three primary arguments to the contrary. First, although the prosecutor referred to Beasley's statements in her opening and both Tyson and Beasley's statements in her summation, the references were brief, especially relative to the emphasis on other important evidence. See Gutierrez v. McGinnis, 389 F.3d 300, 309 (2d Cir. 2004). Second, although McBee's two previous mistrials may be considered as evidence of the weakness of the prosecution's case, these prior hung juries are not determinative, see United States v. Newton, 369 F.3d 659, 680 (2d Cir. 2004), especially given the presentation of Lilly's testimony for the first time in the third trial. Third, whatever grounds existed for the jury to doubt Lilly's credibility, her testimony reinforced the prosecution's theory of the case. Cf. United States v. Payne, 591 F.3d 46, 60 (2d Cir. 2010) (in the context of a sufficiency challenge, explaining that "[a]ssessments of witness credibility . . . lie solely within the province of the jury").

We have considered all of McBee's contentions on this appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3